UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR NAVA, | ) 1:10-cv—01769-AWI-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION AS SUCCESSIVE |
| | ) PURSUANT TO 28 U.S.C. § 2244(b) |
| v. | ) (Doc. 1) AND TO DECLINE TO ISSUE |
| | ) A CERTIFICATE OF APPEALABILITY |
| FERNANDO GONZALEZ, | ) |
| | ) DEADLINE FOR OBJECTIONS: |
| Respondent. | ) THIRTY (30) DAYS |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition filed on September 27, 2010.

    I.   Screening the Petition

Rule 4 of the Habeas Rules requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner is serving a sentence of twenty-five (25) years to life imposed in 2006 by the Kings County Superior Court for assault by an inmate serving a life term and possession of a stabbing instrument in violation of Cal. Pen. Code §§ 4500 and 4502. (Pet. 1.) He is also serving a sentence of eighty-seven (87) years to life previously imposed in the Los Angeles County Superior Court. (Pet. 10.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On March 5, 2010, a habeas petition challenging Petitioner's Kings County conviction and sentence was denied on the merits by this Court in Edgar Nava v. Fernando Gonzales, 1:08-cv-1793-OWW-JMD-HC. (Docs. 26, 28, 29.) Petitioner claimed that the jury had applied an instruction in an unconstitutional manner. (Doc. 26, 5:24-26.) The Court denied the petition on the merits and with prejudice. (Doc. 26, 8:8-10; doc. 28.)

III. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but

3

for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Kings County judgment was denied on the merits. Petitioner makes no showing

4

1  that he has obtained prior leave from the Ninth Circuit to file
2  his successive petition attacking the conviction.  That being so,
3  this court has no jurisdiction to consider Petitioner's renewed
4  application for relief from that conviction under section 2254
5  and must dismiss the petition.  See, Felker v. Turpin, 518 U.S.
6  651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v.
7  Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to proceed
8  in bringing this petition for writ of habeas corpus, he must file
9  for leave to do so with the Ninth Circuit.  See 28 U.S.C. §
10 2244(b)(3).

        IV.   Certificate of Appealability

        Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state
court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
U.S. 322, 336 (2003).  A certificate of appealability may issue
only if the applicant makes a substantial showing of the denial
of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this
standard, a petitioner must show that reasonable jurists could
debate whether the petition should have been resolved in a
different manner or that the issues presented were adequate to
deserve encouragement to proceed further.  Miller-El v. Cockrell,
537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484
(2000)).  A certificate should issue if the Petitioner shows that
jurists of reason would find it debatable whether the petition
states a valid claim of the denial of a constitutional right and
that jurists of reason would find it debatable whether the

5

1  district court was correct in any procedural ruling.  <u>Slack v.
2  McDaniel</u>, 529 U.S. 473, 483-84 (2000).
3       In determining this issue, a court conducts an overview of
4  the claims in the habeas petition, generally assesses their
5  merits, and determines whether the resolution was wrong or
6  debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537
7  U.S. at 336-37.  It is necessary for an applicant to show more
8  than an absence of frivolity or the existence of mere good faith;
9  however, it is not necessary for an applicant to show that the
10 appeal will succeed.  <u>Id.</u> at 338.
11      A district court must issue or deny a certificate of
12 appealability when it enters a final order adverse to the
13 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
14      Here, Petitioner has not demonstrated that jurists of reason
15 would find it debatable whether or not the petition states a
16 valid claim of the denial of a constitutional right.  Petitioner
17 has not made the substantial showing required for issuance of a
18 certificate of appealability.
19      V. <u>Recommendation</u>
20      Accordingly, it is RECOMMENDED that:
21      1) The petition be DISMISSED as successive; and
22      2) The Court DECLINE to issue a certificate of
23 appealability; and
24      3) The Clerk close this action because the dismissal will
25 terminate the action.
26      These findings and recommendations are submitted to the
27 United States District Court Judge assigned to the case, pursuant
28 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2011**                        /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE